# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MAKAYLA VAN HORN,** | ) | **CASE NO. 1:19 CV 1315** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **SECURIAN LIFE INS. CO., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Makayla Van Horn brings this action to collect life insurance proceeds following the death of her father, Rosston Van Horn, who failed to identify a beneficiary for those proceeds. Months after Rosston's death, Makayla learned that Defendant Sherri Ann Thomas, Rosston's mother and Makayla's grandmother, represented that she was Rosston's next of kin when applying for, and receiving, his life insurance proceeds. This case arises from Makayla's claim for her father's death benefits as the rightful next of kin.

This case is before the Court on Calhoun's Motion to Dismiss. **Doc #: 4**. Calhoun contends that Plaintiff Makayla Van Horn's negligence claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). For the reasons that follow, Calhoun's Motion is **DENIED**.

## I.     Background

Rosston Van Horn was enrolled in a life insurance plan, Defendant Charter Communications, Inc. Welfare Benefit Plan ("Charter Plan"), under ERISA with Securian and through his employer Defendant Charter Communications, Inc. ("Charter"). *Id*. at ¶¶ 4, 6.

Before his death, Rosston failed to list any beneficiaries under this plan. *Id*. at ¶ 9. Absent a listed beneficiary, the life insurance application states that any benefits will be paid to the next of kin. *Id*. at ¶ 10. Here, the next of kin is Rosston's daughter, Makayla. *Id*. at ¶ 6.

After Rosston's death, Makayla's mother made several calls to Charter Communications and Securian regarding possible death benefits due to Makayla, but never heard back. *Id*. at ¶ 11. At the same time, Makayla joined her grandmother, Thomas, in making arrangements for her father's funeral services with Defendant Calhoun. *Id*. at ¶ 13-15. Calhoun assisted in the recovery of Rosston's death benefits because the funeral expenses due to Calhoun were to be paid directly out of the life insurance proceeds. *Id*. at ¶ 19. Despite arranging the services with both Makayla and Thomas, representatives of Calhoun went on to coordinate with only Thomas in contacting Securian regarding death benefits. *Id*. at ¶ 17.

Thomas subsequently submitted a claim form to Securian. *Id*. at ¶ 18. The claim form gives the signee five options to identify themselves or another proper beneficiary when there is none listed in the plan:

(1) "I am the lawful spouse of the insured."

(2) "I am a child, biologically or legally adopted, of the insured. The insured is not survived by any of the heirs in the levels outlined above. The surviving biological and/ or legally adopted children of the insured are myself and those listed below. Each child must complete a Preference Beneficiary Statement. List all biological and/or legally adopted children of the insured. If any deceased, please provide their date of death."

(3) "I am a parent of the insured. <u>The insured was not survived by any of the heirs in the levels outlined above.</u> Both parents must complete a Preference Beneficiary Statement. If one parent is deceased, please give deceased's name and date of death."

(4) "I am a sibling of the insured. The insured left no surviving heirs in the levels outlined above. The surviving siblings are myself and those listed below. All

siblings must complete a Preference Beneficiary Statement.  List all siblings of the
insured.  If any are deceased, please give their date of death."

(5) "The insured was not survived by any heirs in the levels outlined above.  Benefits are
payable to the Estate of the Insured."

*Id*., Ex. C.  Thomas checked option three on the claim form, indicating that Rosston had no

children and that she was the next of kin as his mother.  *Id*. at ¶ 19.  Thomas and Calhoun never

mentioned Makayla in their communications with Securian.  *Id*.  However, Calhoun was well

aware of Makayla's relationship to Rosston and even listed Makayla as Rosston's daughter in his

death notice.  *Id*. at ¶ 16.

In 2017, Securian disbursed the life insurance benefits, paying Thomas approximately

$50,600 in death benefits and Calhoun $8,390.20 for funeral costs.  *Id*., Ex. D; Doc #: 12 at 2.  In

2018, Makayla discovered that the life insurance benefits had been paid to Thomas.  *Id*. at ¶ 24.

Makayla sent a letter to Securian, making a claim for the life insurance.  *Id*. at ¶ 25.  Securian

denied the claim, asserting that the benefits were paid to Thomas in "good faith."  *Id*. at ¶ 26.

Makayla appealed and Securian again denied her claim on the same grounds, prompting

Makayla to bring this action.  *Id*. at ¶ 27-28.

On May 14, 2019, Makayla filed a Complaint in the Cuyahoga County, Ohio Court of

Common Pleas, alleging claims for:

1. Violation of 29 U.S.C. § 1132 for recovery of benefits under an ERISA plan
   against Defendants Securian, Charter Plan and Charter;

2. Violation of 29 U.S.C. § 1104(a)(1)(B) for breach of fiduciary duty under an
   ERISA plan against Defendants Securian, Charter Plan and Charter;

3. Conversion against Defendant Thomas;
4. Negligence against Defendants Calhoun, Thomas and Charter.

*Id*.  The case was removed to this Court on June 7, 2019, based on the Court's federal question

jurisdiction. *Id.* On June 13, 2019, Defendant Calhoun filed the pending Motion, Doc #: 4. On July 1, 2019, Makayla filed a Response, Doc #: 12. Calhoun has yet to file a Reply, however, the Court has reviewed the briefs, the record and is prepared to issue a ruling.

## II.     Standard of Review

A 12(b)(6) motion tests the sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "All well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation marks and citation omitted).

## III.    Analysis

Calhoun contends that the negligence claim asserted against it should be dismissed, effectively dismissing Calhoun from the case, because the claim is preempted by ERISA.

Doc #: 4 at 1. Calhoun argues that the negligence claim is preempted because Makayla is seeking recovery of life insurance, an ERISA plan benefit. *Id.* at 3-4. Calhoun supports this argument by pointing to two cases, but neither is persuasive.

The first case is *McHugh v. Trinity Health Sys.*, No. 1:17-CV-1413, 2018 WL 4932500, at *9 (N.D. Ohio June 25, 2018), *report and recommendation adopted*, 2018 WL 4501054 (Sept. 20, 2018). In this case, an employee was seeking relief from a hospital system after allegedly

being overcharged for treatment services that were outside of her insurance plan. *McHugh*, 2018 WL 4932500, at *2. Here, the Court considered whether medical providers can be considered ERISA fiduciaries and whether the plaintiffs' state law claims were preempted. *Id.* The Court determined that the defendants were not fiduciaries and that the claims were preempted because they "invoke[d] determinations directly addressed in Plaintiff['s] plan documents and thus relate[d] to Plaintff['s] employee benefit plan." *Id.* at 25.

Calhoun relies on this case to argue that Plaintiff's negligence claim "relates to" the employee benefit plan and is therefore preempted. However, the *McHugh* case is distinct from the facts in the instant case because the plaintiff in *McHugh* sought recovery for medical bills based on the actions of plan fiduciaries. As Plaintiff notes in its Opposition Brief, "[b]ecause the plaintiff in *McHugh* was attempting 'to recover payments arising out of the actions of plan fiduciaries' the Court found that those claims fell within the scope of ERISA and were accordingly preempted." Doc #: 12 at 6. In providing memorial services for Rosston, Calhoun did not perform any actions that would implicate it as a plan fiduciary and Plaintiff does not argue that Calhoun acted in a fiduciary capacity. *See McHugh*, 2018 WL 4932500, at *5 (holding that a defendant was not a plan fiduciary because it "did not exercise discretionary authority or discretionary control respecting management of Plaintiff['s] plan or exercises any authority or control respecting management or disposition of its assets").

The second case cited by Calhoun is *Cromwell v. Equicor-Equitable HCA Corp*, 944 F.2d 1272, 1276 (6th Cir. 1991). In this case, a health care provider asserted state law claims against the administrator of an employee benefit plan for the recovery of plan benefits. *Cromwell*, 944 F.2d at 1274. Here, the Court considered whether the provider's state law claims

for promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith were preempted. *Id*. at 1275-77. The Court determined that the claims were preempted by ERISA because the claims "would affect the relationship between plan principals by extending coverage beyond the terms of the plan." *Id*. at 1276.

Calhoun cites *Cromwell* to argue that "when a state law claim essentially seeks the recovery of an ERISA plan benefit, regardless of how the claim is captioned, it is preempted." Doc #:4 at 3 (citing *Cromwell v. Equicor-Equitable HCA Corp*, 944 F.2d 1272, 1276 (6th Cir. 1991)). Calhoun argues that Plaintiff's negligence claim "relates to" an employee benefit plan and is therefore preempted because the only recovery Plaintiff seeks is the $59,000 in death benefits paid to Thomas. *Id*. However, *Cromwell* is distinct from the instant case in that the state law claims in *Cromwell* were brought against an ERISA plan participant. Calhoun has no such relationship with Plaintiff.

Conversely, Plaintiff argues that the negligence claim against Calhoun is distinct from the ERISA claims in the Complaint and is therefore not preempted. Doc #: 12 at 1-2. Plaintiff argues that because Calhoun is not a fiduciary or agent of a fiduciary, "Calhoun is not subject to ERISA and a common law claim of negligence is not preempted. *Id*. at 3. Plaintiff further asserts that the general preemption on claims that "relate to" an ERISA plan does not apply to state law claims which only have a tenuous effect on benefit plans or laws of general application. *Id*. at 4 (citing *Firestone Tire & Rubber Company v. Neusser*, 810 F.2d 550 (6th Cir. 1987)).

In support, Plaintiff cites *Penny/Ohlmann/Neimann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692 (6th Cir. 2005).[1] In *PONI*, an employer brought claims against the record keeper

---

[1] Plaintiffs other cases are factually distinguishable and therefore not on point.

of its' employees' life insurance policies and its' bank, which acted as a trustee. *PONI*, 399 F.3d at 695-97. There, the Court considered whether the state law claims of breach of contract and negligent misrepresentation were preempted. *Id*. at 697, 703. The *PONI* court concluded that the claims were preempted against the bank as the trustee of the plan, but not against the record keeper as a non-fiduciary service provider. *Id*. at 697. The Court held that "Congress did not intend…for ERISA 'to preempt traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." *Id*. at 698 (citations omitted). The Court finds the analysis in *PONI*, while not entirely on point, nonetheless persuasive.

**IV.    Conclusion**

Based on the foregoing, the Court **DENIES** Defendant Calhoun's Motion to Dismiss. **Doc #: 4**.

**IT IS SO ORDERED.**

_/s/ Dan A. Polster_    _July 25, 2019_
**Dan Aaron Polster**
**United States District Judge**